### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO; EX REL CHILDREN, YOUTH
AND FAMILIES DEPT.,

       Plaintiff/Appellee     Case/Cause No. D-1314-2007-0011
                                 N.M. Ct. App. No.: 29, 169 and 29,263

v.                                                                                 Civ No. 11-442 LH/LAM

MATTHEW HEPPLE,

       Defendant/Respondent;

IN THE MATTERS OF: SERENITY BURTON, PATIANCE
BURTON AND ZANDER BURTON

### MEMORANDUM OPINION AND ORDER

       This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915A, to review pro se Plaintiff Matthew Hepple's *Petition to Strike Termination of Parental Rights*, filed May 23, 2011 (Doc. 1). Hepple is incarcerated. He has not paid a filing fee, nor has he sought leave to proceed without prepayment of filing fees under 28 U.S.C. § 1915. For the reasons stated below, Hepple's petition will be dismissed without prejudice for lack of subject-matter jurisdiction. *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

       According to his petition, after a week-long trial in the New Mexico state courts, Hepple's parental rights were terminated in 2008. *See* Doc. 1 at 1-2. The New Mexico Court of Appeals affirmed the order terminating his parental rights on May 19, 2010. *See id.,* Ex. A. Hepple did not seek certiorari from the New Mexico Supreme Court, *see* Doc. 1 at 2-3, thus the order terminating his parental rights is final. Contending that the state-court order violates his constitutional rights, Hepple requests that this Court "strik[e]" the order terminating his parental rights and to "decree an

order granting his parental rights, visitation privileges, [and] restoring his parental discretion to whom temporary custody of his minor children are [sic]." *Id.* at 9-10. The Court, however, does not have subject-matter jurisdiction to grant Hepple's requested relief.

The *Rooker-Feldman* doctrine prevents federal district courts from assuming jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *Guttman v. Khalsa*, 446 F .3d 1027, 1032 (10th Cir. 2006) (noting that the *Rooker-Feldman* doctrine applies only to "suits filed after state proceedings are final" and setting out what events may indicate such finality). Thus, plaintiffs are generally barred "from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994).

Here, Hepple requests that this Court review the final state-district and appellate-court decisions, strike them because they allegedly violate his constitutional rights, and replace them with its own orders regarding the custody of his children. The Court has no jurisdiction to take such action and must dismiss his petition. *See Roman-Nose v. N.M. Dep't of Human Servs.*, 967 F.2d 435, 437 (10th Cir. 1992) (holding that dismissal of federal suit seeking damages in regard to state-court judgment terminating parental rights was proper "to the extent that Plaintiff's allegations can be construed as seeking redress for constitutional infirmities in the [state-court] proceeding"); *Ankenbrandt v. Richards & Kesler*, 504 U.S. 687, 703 (1992) (noting that the rule that "the whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States, . . . divests the federal courts of power to issue

divorce, alimony, and child custody decrees") (internal quotation marks and citations omitted)..

Further review of Hepple's state-court judgment and the underlying rulings could proceed only to the New Mexico Supreme Court and then to the United States Supreme Court pursuant to 28 U.S.C. § 1257.

**IT IS ORDERED** that Hepple's petition (Doc. 1) is DISMISSED without prejudice for lack of subject-matter jurisdiction.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**